### PARTRIDGE v. MOYNIHAN.

(Supreme Court, Special Term, Chautauqua County. May 20, 1908.)

1. ACCORD AND SATISFACTION—PART PAYMENT—PAYMENT BY THIRD PERSON.
   Payment by a third person of a sum less than the amount due, with the understanding that it should be in full satisfaction thereof, is a valid accord and satisfaction, and an action will not lie against the debtor for the balance.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, § 50.]

2. JUDGMENT—PRESUMPTION OF PAYMENT FROM LAPSE OF TIME.
   Under Code Civ. Proc. § 1377, providing that, after the lapse of five years from final judgment, execution can be issued only where an execution has been issued thereon within five years and returned unsatisfied, or where an order is made by the court granting leave to issue execution, and section 1378, prescribing the manner in which leave may be obtained, there is a presumption of payment after the lapse of five years, without action by the judgment creditor, which places the burden of showing the contrary on him.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1648–1652.]

3. SAME—EVIDENCE AS TO PAYMENT—SUFFICIENCY.
   On a motion for permission to issue an execution, more than five years having elapsed from final judgment, the burden on the judgment creditor to overcome the presumption of discharge of the judgment from lapse of time can hardly be said to be met by his denial of a discharge.

4. SAME.
   The denial of a motion to confirm the report of a referee that there is a balance due on a judgment, to whom a reference has been made on motion for permission to issue an execution, more than five years having elapsed from entry of judgment, to ascertain whether the judgment had been paid or not, where the facts on which the motion is made are disputed, is within the discretion of the court, and the proper remedy of the judgment creditor in such a case is to apply, on motion, for leave to bring an action on the judgment.

Motion by Elbridge G. Partridge against John R. Moynihan, under Code Civ. Proc. § 1377, for permission to issue an execution, more than five years having elapsed from the entry of final judgment. A reference was ordered to ascertain whether the judgment had been paid or not, and plaintiff moved to confirm the report of the referee, who found that there was due plaintiff a sum specified. Motion to confirm denied.

A. L. Furlow, for plaintiff.
Stephen V. O'Gorman, for defendant.

WOODWARD, J. The plaintiff secured a judgment against the defendant in the sum of $110.44 in December, 1899, the action being

founded upon funeral charges for defendant's sister. No execution has ever been issued out of any court upon this judgment. The plaintiff moved this court, under the provisions of section 1377 of the Code of Civil Procedure, for permission to issue an execution, more than five years having elapsed, and upon the defendant's claim that the judgment had been satisfied, and that the plaintiff was not entitled to have execution, the court ordered a reference to ascertain whether the judgment had been paid or not, and if not paid the amount due, and the matter is now before this court upon a motion to confirm the report of the referee, who finds that there is now due the plaintiff the sum of $82.44, and that to this should be added the costs of the proceeding.

The defendant claimed that the plaintiff had in 1901, after the entry of judgment, entered into an agreement with Ellen Moynihan, by the terms of which the plaintiff had agreed to accept the sum of $70 in satisfaction of the judgment. Ellen Moynihan was the defendant's mother, and it is conceded that at the time of this alleged agreement on the part of the plaintiff she paid to the plaintiff the sum of $20, and that subsequently, and in 1903, she paid to the plaintiff the further sum of $50, making the exact amount which it is claimed the plaintiff agreed to accept. Mrs. Moynihan testified to this agreement, and she testified that at the time of making the final payment the plaintiff told her in substance that this squared the account, and she is corroborated in this by her son, who was concededly present on that occasion. When the first receipt was given it was, "a/c of daughter's funeral," the second one being merely for the $50. The plaintiff, while admitting the payments, denies that he agreed to accept these in full discharge of the obligation, and the learned referee finds that there is now due to the plaintiff the balance of the claim. We are unable to determine from the record whether the learned referee determined as a matter of fact that the plaintiff did not agree to accept the sum of $70 in payment of the judgment, or whether he came to the conclusion upon the theory that, the judgment being a liquidated claim, the agreement to accept less than the face thereof was without consideration, and did not bar the plaintiff's right to have execution for the remainder. The court is therefore little better prepared to dispose of this question than in the first instance. If the learned referee had found, upon sufficient evidence, that the plaintiff did not agree to accept the $70 in payment of the judgment, we might very properly confirm the report and permit the plaintiff to issue execution, while, if the determination was based upon the theory that the promise was without consideration, and therefore not binding upon the plaintiff, we should be compelled to disagree with the conclusion. If the defendant was here urging that he had entered into an agreement with the plaintiff, and that the latter had promised to accept the $70 in payment of the claim, there would be no consideration for the promise, and, under the authorities, the plaintiff could recover the balance of his claim, but that is not the situation. The defendant shows by his mother and his brother, and by many of the circumstances, that there was an agreement between Ellen Moynihan and the plaintiff that the latter would accept $70 from her in payment of this funeral claim, and that this sum was actually paid. The plaintiff in accepting $70 from Mrs. Moy-

nihan, if this was the agreement, had a distinct consideration for his promise. He received $70 in money upon a claim which he ·had not thought it worth while to issue an execution upon, and he received it. from one who was an entire stranger to the judgment. Payment by a. third person of a sum less than the amount due, with the understanding that it should be in full satisfaction thereof, is a valid accord and satisfaction, and no action will lie against the debtor to recover the balance. In such case there is a new consideration from a new party, and the general rule that the receipt of a smaller sum is not a good accord and satisfaction of a larger one does not apply. 1 Cyc. 325, and authorities cited in notes. It is probably true that the mere payment to the plaintiff of the sum of $70, or even of the entire claim, by Mrs. Moynihan, would not operate to discharge the judgment as against the. defendant, for a purely voluntary payment by a third party does not operate to discharge a debt or obligation, but when the plaintiff enters into an agreement to accept $70, or any other sum, with the understanding that he is to discharge the debt, then he is bound to fulfill his part of the agreement (King v. Barnes, 109 N. Y. 267, 289, 16 N. E 332, and authorities there cited), and he is not entitled to the aid of the courts in enforcing the balance of his judgment.

Having reached the conclusion that the plaintiff is not entitled as a matter of law to the execution, unless it is shown that he did not enter into the agreement alleged by the defendant, it is important to look to the case to see whether we are bound to conclude that this agreement was not made, and that the payments were merely on account. It. was argued upon the presentation of this motion, upon the authority of two old Special Term cases, that the law presumed that the judgment had been paid after the lapse of five years without action on the part of the judgment creditor, but the learned counsel for the plaintiff insisted that these authorities had been overruled, and that there were no· presumptions. While we do not find any direct adjudication, we are of the opinion that under the provisions of sections 1377 and 1378 of the Code of Civil Procedure there is a presumption of payment, which places the burden of showing to the contrary upon the plaintiff. In the case of Betts v. Garr, 26 N. Y. 383, 384, the court say:

"After a delay of five years from the judgment, or from the return of an execution unsatisfied, the law indulges a presumption that the judgment has been paid, released, or in some way discharged, and therefore the debtor is afforded an opportunity of being heard before his property is exposed to be seized upon the execution."

Was the evidence before the learned referee sufficient to overcome this presumption? The defendant showed facts and circumstances by two witnesses who were legally not interested in the controversy tend-· ing to establish the claim that the plaintiff had agreed to, and actually had accepted $70 in full satisfaction of the judgment. The plaintiff,. while conceding many of the circumstances, denied that he made this agreement, or that he accepted the $70 under this understanding. The burden being on him to show that there was no discharge of the obligation, it can hardly be said that the requirement was met by this denial. Under the circumstances we reach the conclusion that the report of the· learned referee ought not to be confirmed.

This does not leave the plaintiff without a remedy if he is right in his contention. The denial of the motion to confirm the report, where the facts upon which the motion is made are disputed, is within the discretion of the court, and the proper remedy of the judgment creditor in such a case is to apply on motion for leave to bring an action on the judgment. Shuman v. Strauss, 52 N. Y. 404. See, also, on the discretion of the court, Van Rensselaer v. Wright, 121 N. Y. 626, 630, 25 N. E. 3. Such an action opens the way to a full determination of the issue of payment, and seems to be the only one consistent with the peculiar facts of this case.

The motion to confirm is denied, but, under the circumstances and particularly in view of the report of the referee, it will be without costs, and an order may be entered accordingly.