## KARRICK et al. v. CANTRILL et al.

(Court of Appeals of District of Columbia. Submitted January 3, 1923. Decided June 4, 1923.)

No. 3847.

1. **Evidence ⬤⇒577—Former testimony cannot be used, if witness was within jurisdiction.**

An objection to the introduction of the transcript of the testimony of a witness at a former hearing, on the ground that the witness was within the jurisdiction of the rent commission and could have been reached by subpœna, and that the objectors were entitled to an opportunity to cross-examine him, was well taken.

2. **Landlord and tenant ⬤⇒200(1½)—View by commission held not sufficient basis for valuation of premises.**

Where the only competent evidence before the rental commission showed the value of a building to be $600,000 or $650,000, a valuation placed by the commission on the building of $450,000 cannot be sustained on the commission's view of the premises, where no opportunity was given the parties to be present at the view, and the basis on which the commission arrived at its conclusion was not stated; it not even appearing that it resulted from the view.

3. **Landlord and tenant ⬤⇒200(1½)—Rent commission cannot disregard evidence and fix arbitrary valuation based on view.**

The rent commission is neither a board of appraisers nor a board for fixing the valuation of property, but is a rate-fixing body, with quasi judicial powers, required to accord a hearing at which evidence may be submitted as to the present valuation of the property, and the commission cannot disregard all the competent evidence in the case, and fix a rate on an arbitrary valuation, which is absolutely confiscatory when weighed in the light of the testimony in the case.

4. **Landlord and tenant ⬤⇒200(1½)—Rents fixed by commission held confiscatory.**

Where it was conclusively established that the present value of an apartment building was $600,000, or more, but the commissioners found a valuation of only $450,000, rents fixed by the commission on a basis which, for the past two years, would have yielded a net income of $5,000 or $10,000, if the entire rents were collected, were inadequate to furnish a just return, even on the valuation fixed by the commission.

5. **Landlord and tenant ⬤⇒200(1½)—Rent commission should state amount deducted for deficient service.**

If the rent commission took into consideration deficient service in fixing the rentals for an apartment building, the amount deducted on that account should be stated, and the order fixing the rent cannot be sustained on the ground such deduction was proper, where there was nothing in the record to show it.

Appeal from the Rent Commission.

Proceeding before the Rent Commission to fix the rental rates on apartments in an apartment building. From an order fixing the rates James L. Karrick and another appeal, opposed by James E. Cantrill and others. Order reversed, and cause remanded, with directions to dismiss.

C. H. Merillat, of Washington, D. C., for appellants.

Chapin Brown and J. N. Halper, both of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN ORSDEL, Associate Justice. This case is here on appeal from a decision of the rent commission of the District of Columbia fixing rental rates on 76 apartments in the Monmouth apartment house in this city. On a former appeal (Karrick et al. v. Cantrill et al., 51 App. D. C. 176, 277 Fed. 578) the decision of the commission was reversed, with costs, and the cause remanded for a rehearing. From the retroactive order made in the rehearing, fixing the rental rates on the apartments for the years 1920 and 1921, the present appeal was prosecuted.

[1] There is little to be considered in the present case which was not disposed of in the former opinion. Briefly, the valuation of the property established by the evidence in this case is from $600,000 to $650,000. The finding of the commission that the property has a present value of $450,000 is wholly unsupported by any competent evidence in the case. A transcript of the testimony of the witness Wardman, taken in the original hearing, and which was discarded in the former opinion, was admitted in evidence over the objection of counsel for appellants. The objection was based upon the ground that the witness was within the jurisdiction of the commission and could have been reached by subpœna, and that appellants were entitled to the opportunity of cross-examining him. This objection was well taken, and it was error to admit the transcript of the evidence, in the face of the showing that the witness was within the jurisdiction of the commission. Excluding, therefore, the testimony of Wardman, there is nothing in the form of evidence upon which the valuation fixed by the commission can be justified.

[2, 3] True, the commission, as has happened in former cases, states in its finding that it viewed the premises; but no opportunity was given the parties to be present, nor is the basis upon which the commission arrived at its conclusion stated. It does not even appear that the valuation fixed resulted from the view of the property. This we have held in a number of cases to be insufficient as a basis for fixing valuation. The commission is neither a board of appraisers, an arbitration board, nor, as in Omaha v. Omaha Water Co., 218 U. S. 180, 30 Sup. Ct. 615, 54 L. Ed. 991, 48 L. R. A. (N. S.) 1084, a board for the fixing of the valuation of property. It is a rate-fixing body, with quasi judicial powers to fix rental rates, based upon the present value of the premises. The statute provides that a hearing be accorded the parties, at which evidence may be submitted as to the present value of the property, and other matters of fact essential to enable the commission to make a just and equitable finding. What the commission did, after hearing extensive testimony, was to view the premises and, without giving its reasons therefor, arbitrarily fix a valuation not in accord with the evidence. The provisions of the statute, providing for notice and hearing, were totally ignored, and the commission thereby assumed arbitrary power to disregard the evidence, deprive the defendant of due process of law, and fix a rate upon an arbitrary valuation which is absolutely confiscatory when weighed in the light of the testimony in the case. Indeed, the evidence in the present case, aside from the inspection by the commission, which we have held amounts to nothing, is not materially different from that adduced in the original hearing.

[4] It is conclusively established that the present value of the property is from $600,000 to $650,000. The evidence shows, without contradiction, that on the basis of the rentals fixed the total gross receipts for the entire building for the year 1920 would be $72,438, and for the year 1921 $88,540, while the expenses for these years, including 2 per cent. depreciation charge on the building and 15 per cent. depreciation charge on the furniture, amounted in 1920 to $66,690, and in 1921 to $77,922.79, leaving on the basis of the commission's determination, if the entire rents were collected and no losses incurred from defaulting tenants, a net income for 1920 of $5,047.05, and for 1921 of $10,618. It will be observed that, even upon the valuation fixed by the commission, this income is so totally inadequate to furnish a just return as to amount to confiscation.

[5]. Counsel for the commission has produced figures in his brief for the purpose of establishing that the finding affords a reasonable net income, but this calculation is based upon assumption and not evidence. There is nothing in the record to support counsel's computation. For example, if the commission took into consideration deficient service, the amount deducted on that account should be stated, but it is not referred to as being an element considered in reaching the order made. The finding amounts merely to an arbitrary guess, and we are asked to disregard the evidence and assume that the guess is correct. The citizen cannot be divested of his property upon any such ridiculous theory.

On the above statement of facts and the authority of our former opinion, the order of the commission is reversed, with costs, and the cause remanded, with directions to set aside the order and dismiss the action.

Motion for rehearing denied June 28, 1923.