## KARRICK v. McEACHERN.

(Court of Appeals of District of Columbia.
Submitted October 13, 1924. Decided
November 3, 1924.)

### No. 4083.

**1. Accord and satisfaction ⟨⟩11(1) — Landlord's acceptance of checks for reduced rent pending appeal from rent commission held not accord and satisfaction.**

On reversal of rent commission's determination reducing rent from that contracted for, landlord could recover from tenant difference between original rent agreed on and rate fixed by commission and paid pending appeal, under Food Control and District of Columbia Rents Act, § 110, as amended by Act May 22, 1922, c. 197, § 10, though rental checks accepted pending appeal stated that amounts paid were in full to dates covered by particular check; acceptance of such check not constituting an accord and satisfaction, in view of landlord's duty to accept reduced amount under such law, and remedy afforded him thereby for recovery of the difference.

**2. Accord and satisfaction ⟨⟩1 — Meeting of minds essential.**

To constitute an accord and satisfaction, there must be a meeting of the minds of the parties.

**3. Accord and satisfaction ⟨⟩18—Essentials of "accord and satisfaction" stated.**

To constitute a valid "accord and satisfaction," it is essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand, that debtors shall intend it as satisfaction of such obligations, that such intention shall be made known to creditor in unmistakable manner, and that creditor shall have accepted it with the intention that it should operate as a satisfaction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accord and Satisfaction.]

**4. Contracts ⟨⟩147(1)—Intention of parties as determined from circumstances, controls.**

The intention of the parties, determined from all the circumstances attending the transaction, controls.

Error to Municipal Court of District of Columbia.

Suit by James L. Karrick, trading as the Monmouth Hotel Company, against W. B. McEachern. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

See, also, 53 App. D. C. 346, 290 F. 321.

C. B. Bauman, of Washington, D. C., for plaintiff in error.

J. N. Halper, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on error to the Municipal Court of the District of Columbia. It appears that plaintiff in error, hereafter referred to as plaintiff, leased an apartment in the Monmouth Hotel to defendant at a rental rate of $60 per month. Defendant paid this rate until April 1, 1922. Thereafter the rent commission fixed the rent at $42.50 per month for the period from January 28, 1920, to January 28, 1922, and at the rate of $55 per month thereafter. Accordingly defendant paid no rent from April 1, 1922, until September 23, 1922, when he sent a certified check to plaintiff for $50, with a statement to the effect that it was in full settlement for rent up to and including September 30, 1922. Defendant continued to pay rent at the rate of $55 per month by checks which bore a notation on the face thereof: "Rent Apt. 806 in full to ———" (the date covered by the particular check). The checks bearing these notations were received and cashed by plaintiff.

During this time an appeal was pending in this court from the decision of the rent commission adjusting the rent on this building, including the apartment here in question. In June, 1923, this court reversed the determination of the rent commission (Karrick v. Cantrill, 53 App. D. C. 346, 290 F. 321), and remanded the cause, with directions to dismiss the proceedings. Plaintiff brought this suit in the Municipal Court to recover from defendant the difference between the original rent agreed upon and the rate fixed by the commission and paid pending the appeal. The case comes here from a judgment in favor of defendant.

Section 10 of the Food Control and District of Columbia Rents Act, approved May 22, 1922 (42 Stat. 548), amending section 110 of the original Rent Act (41 Stat. 302), provides:

"In case of a decrease of the rent by any such determination [by the rent commission], the tenant shall, from time to time during such period and in accordance with the terms of the lease or other contract, pay to the owner the amount of rent fixed by the determination. The difference, if any, between the amount of rent paid during such period and the amount that would have been payable for such period, under the determination as modified in accordance with the final decision on appeal, may be added to future rent payments or sued for and recovered in an action in the Municipal Court of the District of Columbia. The amendment of this section shall not be held to terminate any right for the recov-

ery of rent in an action in the Municipal Court of the District of Columbia if such right arose prior to the time that this section as amended takes effect."

[1] This relates to the remedy, and is made applicable to cases pending or that had accrued prior to or would accrue subsequently to the passage of the act. It furnished a remedy by which either the tenant or landlord might recover any difference between the rate fixed by the rent commission and the judgment of this court on appeal. The dismissal of the proceedings before the rent commission operated to restore the rate fixed in the original rental contract between the landlord and tenant. The statute, therefore, furnishes a remedy by which plaintiff landlord may recover the loss which he sustained, resulting from the determination of the rent commission, pending appeal. The statute furnishes a remedy for either the landlord or tenant whichever one may be damaged by the action of the rent commission. In this case the landlord was damaged to the extent of the difference between the rate fixed by the rent commission and that fixed in his original contract with the tenant. He clearly, therefore, is entitled to recover in this proceeding.

[2-4] The court below turned the case upon the theory that by the acceptance of the check of September 23, 1922, and the subsequent checks bearing the notation indorsed thereon by the defendant, there was an accord and satisfaction which forecloses the defendant from any further recovery. It is essential to an accord and satisfaction that there must be a meeting of the minds of the parties. In other words:

"To constitute a valid accord and satisfaction, it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand, that the debtor shall intend it as a satisfaction for such obligations, and that such intention shall be made known to the creditor in some unmistakable manner It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction." 1 Corpus Juris, 529.

In the present case there was no agree-

ment or meeting of the minds whatever to the effect that the acceptance of the checks should constitute a final settlement of the matter in controversy. The checks were accepted by the defendant, for the amounts specified in the determination of the rent commission, as he was required to do by law, pending the determination of his appeal in this court, with a remedy awaiting him whereby he could recover upon his original contract in the event the action of the rent commission should be reversed. What he did was merely in compliance with the law, and in so complying with the law, he has not barred himself by the enforced acceptance of a portion of that which was lawfully due him, from maintaining the present suit to recover the balance due under his original contract.

The judgment is reversed, with costs, and the cause remanded for a new trial.