GEORGE JESSEWICH and Another, Plaintiffs, *v.* SALVATORE ABBENE and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, Second District, February 19, 1935.

*Louis Horwitz*, for the plaintiffs.

*Charles J. Masone* [*Charles J. Beekinella* of counsel], for the defendants.

STRAHL, J. The plaintiffs received from the Home Owners' Loan Corporation its bonds aggregating $3,050, and $12 cash under the Home Owners' Loan Act of 1933, as amended, in exchange for and in full settlement and satisfaction of their second mortgage, relinquishing $700 balance due thereon, also giving general release therefor.

" Payment by a third person of a sum less than the amount due, with the understanding that it should be in full satisfaction thereof, is a valid accord and satisfaction, and no action will lie against the debtor to recover the balance." (*Partridge* v. *Moynihan*, 59 Misc. 234.)

Plaintiffs seek in this action to recover this $700 balance from the defendants, home owners, under their following secret collateral agreement:

"*June* 14, 1934.

" We, Salvatore Abbene and Filomena Abbene, his wife, residing at #198 Ridgewood Avenue, Brooklyn, New York, are indebted to George Jessewich and Katie Jessewich, his wife, residing at 137–19th Street, Brooklyn, New York, in the sum of Seven Hundred ($700) Dollars, which we agree to pay July 2, 1934, at 298–18th Street, Brooklyn, New York, at 10:00 A. M. If we cannot pay in cash, George Jessewich and Katie Jessewich, his wife, agree to take a second mortgage on the premises 198 Ridgewood Avenue, Brooklyn, New York, which mortgage is to be paid in installments of Two Hundred ($200) Dollars yearly, with interest at the rate of $4\frac{1}{2}\%$ per annum.

" SALVATORE ABBENE [L. s.]
" FILOMENA ABBENE [L. s.]

" Witness:
" Edmund J. Mundell."

This agreement is illegal and void, being made in violation of a statute, and plaintiffs cannot recover thereunder. (*Miller* v. *Ammon*, 145 U. S. 421, 426.) Such contract is forbidden by the Home Owners' Loan Act (U. S. Code, tit. 12, § 1462) and Information for Applicants to the Home Owners' Loan Corporation, dated September, 1934, which provides: " No loan will be made where a separate understanding or agreement, calling for any payments other than those required by the corporation, is made between the debtor and the holder of the mortgage."

The court takes judicial notice of, and the parties hereto are bound by, this provision, and the fact that the Home Owners' Loan Corporation, owned by the People of the United States, is strictly a relief agency to save homes from threatened or pending foreclosures, to save life-time savings investments of home owners in distress, to save them from becoming paupers, and is the rehabilitating agency to guard and protect the small home owner by judiciously refinancing his obligations with enough to pay all the incumbrances on his home, but limiting the new mortgage to eighty per cent of its appraisal value for the property, so he can meet his amortized mortgage by monthly payments on principal with interest. (*Schwartz* v. *Schwartz*, 113 Misc. 444; *Ingersoll Rand Co.* v. *U. S. Shipping Board*, etc., 196 App. Div. 838; *Matter of Rosenberg*, 208 id. 707; *Matter of Armitage* v. *Board of Education*, 240 N. Y. 548.)

Collusive agreement between creditor and home owner creating on the owner-occupied home incumbrances too heavy and terms too severe for the home owner to work out his problem would easily defeat the very purpose of this act, interfere by trickery with this corporation collecting its bonds, and the government's financial assistance would merely delay the inevitable foreclosure suit which it meant to prevent. The second mortgagee would thereby benefit by his own wrong, first, in being paid by the government the greater part of his second mortgage in its tax exempt bonds, which it guarantees unconditionally both as to principal and interest; then, by getting the defendant's homestead through foreclosure for the small balance due; and lastly, by getting the benefit of the excellent first mortgage thereon, never intended for him.

This contract calls for an act by the defendant owners which the law for their own good forbade. The United States can make its prohibitions binding to the extent necessary effectively to carry out its policies. (*Sage* v. *Hampe*, 235 U. S. 99.) It is against the policy of the law to enable either party in controversies between themselves to enforce an agreement in fraud of the law. (*Hart* v. *City Theatres Co.*, 215 N. Y. 322.)

In my opinion, the existence of such concealed, collusive agreement constitutes a conspiracy to defraud; a fraud and chicanery interfering with the governmental function of rehabilitation which is the purpose of the Home Owners' Loan Corporation; violates section 8 (a) of the act, and subjects one to criminal prosecution by the Federal authorities.

To conspire to defraud the United States means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest. It is not necessary that the government shall be subject to pecuniary loss by the fraud but only that its legitimate official action and purpose shall be defeated by misrepresentation or chicane. (*Hammerschmidt* v. *United States*, 265 U. S. 182; *United States* v. *Pan American Petroleum Co.*, 6 F. [2d] 43.)

Defendants are entitled to judgment.

Judgment accordingly.