59 P.(2d) 671

CHAVES COUNTY BUILDING & LOAN
ASS'N v. HODGES et ux.

No. 4112.

Supreme Court of New Mexico.

July 20, 1936.

G. L. Reese, Sr., of Roswell, for appellants.

H. C. Buchly, of Roswell, for appellee.

HUDSPETH, Justice.

The opinion filed May 22, 1936, is withdrawn, and the following is substituted therefor:

This is an appeal from a decree of foreclosure of a mortgage lien in the total sum of $3,247.37 on a city lot in Roswell. The mortgage was executed by appellants in favor of appellee in 1932 to secure a note for $9,000, and encumbered the north 45 feet of lot 13 in block 28 of the original townsite located at 311 North Pennsylvania avenue and the lot described in the decree.

On the 1st of October, 1933, appellant, Wilburn S. Hodges, being in arrears in his payments to appellee, made application for a loan to the Home Owners' Loan Corporation, organized under the Home

Owners' Loan Act of 1933 (48 Stat. 128 [see 12 U.S.C.A. § 1461 et seq.]), on the property at "311 North Pennsylvania, Roswell," which in due course was approved and bonds of the Home Owners' Loan Corporation, in the sum of $6,880.-19, face value, were delivered to appellee. This sum appellee credited upon appellants' note, released the north 45 feet of lot 13 in block 28 from the mortgage lien, and later brought this suit to foreclose its mortgage lien on the other lot for the balance due on the note. About two months before the loan was approved, appellee executed the mortgagee's consent to take bonds, which reads as follows:

"E. C. Robertson, State Manager

"Mortgagee's Consent to Take Bonds

"To Home Owners' Loan Corporation:

"The undersigned is the holder of a first mortgage or other obligation, which constitutes a lien or claim on the title to the home property of Wilburn S. and Jewell J. Hodges located at 311 North (Number) Pennsylvania Roswell New Mexico in the (Street) (City) (State) sum of $9680.76.

"Being informed that said owner has made application to Home Owners' Loan Corporation to refund his said indebtedness, the undersigned has considered the method of refunding mortgages provided in Home Owners' Loan Act of 1933, as passed by Congress and approved by the President, and the Undersigned hereby consents, if said refunding can be consummated, to accept in full settlement of the claim of the undersigned the sum of $6880.19, face value, of the bonds of Home Owners' Loan Corporation, to be adjusted with not exceeding $50 cash as provided in said act, and thereupon to release all the claim of the undersigned against said property.

"It is understood that you will incur trouble and expense in connection with your effort to refund the indebtedness of said home owner, and this consent is executed in consideration of the same and shall be binding for a period of sixty days from date."

This was duly executed by the Chaves County Building & Loan Association on the 14th day of October, 1933, and the court found: "That the plaintiff did not execute said instrument, mortgagee's consent to take bonds, through error, mistake, undue influence, duress or fraud."

It appears that the property described in the mortgage consisted of two adjoining lots forming an L, and that there was a residence on the lot facing on Pennsylvania avenue and another building occupied by a laundry facing on the other street and extending back onto the lot facing on Pennsylvania avenue some 25 feet. Appellant suggests that the description in the application for loan and the mortgagee's consent to take bonds, to wit, "311 North Pennsylvania," was in-

tended to cover, as the home tract, both adjoining lots. Herron, the local manager, testified that he did not know until after the Home Owners' Loan Corporation loan had been closed that there were two lots covered by appellee's mortgage. He further testified regarding the procedure, when more than one piece of property was covered by a mortgage to be refunded: "A. It was in this manner: We were supposed to appraise all the property under the mortgage and prorate the value of the property we were going to loan, to prorate the value of that in proportion to the property involved, and then loan in proportion on that one piece of property."

Appellants' position is that the mortgagee's consent to take bonds is a written contract between a third party and the mortgagee, and by its clear and unambiguous terms the appellee accepted, in full settlement of its claim of $9,680.76, the sum of $6,880.19, face value of Home Owners' Loan Corporation bonds; and that payment by a third person of a sum less than the amount due, with the understanding that it would be in full satisfaction thereof, is a valid accord and satisfaction, and no action will lie against the debtor to recover the balance, citing 1 C.J. 527, 529; 1 R.C.L. 184, 187, 189; Annotation, 41 A.L.R. 1490; Partridge v. Moynihan, 59 Misc. 234, 110 N.Y.S. 539. The late case of Jessewich v. Abbene, 154 Misc. 768, 277 N.Y.S. 599, involving the Home Owners' Loan Act of 1933, also supports this view.

Appellee does not dispute the soundness of the rule stated as to accord and satisfaction resulting from the payment by a third party, but maintains that there was no meeting of the minds of the parties as to the consideration for the bonds, and therefore the acceptance of the bonds was not an accord and satisfaction, and that the court properly admitted oral evidence, citing, among other cases, Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271; Schwemmer v. Supreme Council C. B. L., 187 App.Div. 673, 176 N.Y.S. 139; Wolf v. Humboldt County, 36 Nev. 26, 131 P. 964, 45 L.R.A.(N.S.) 762; Karrick v. McEachern, 55 App.D.C. 77, 2 F.(2d) 126; 1 R.C.L. 183.

The appellee introduced evidence over objection to the effect that, at the time of the delivery of the mortgagee's consent to take bonds, J. D. Herron, Jr., the local manager, was informed that appellee would execute a partial release of its mortgage, and that, after the partial release was prepared and before the delivery of the bonds, it was shown to Herron. Later it was turned over to the abstractor, who closed the transaction and filed the partial release of mortgage for record.

It has been held that the courts should take judicial notice of the fact that the Home Owners' Loan Corporation is strictly a relief agency, organized to aid distressed home owners in saving their homes. The reduction in the amount of the home owner's debt (which, of course,

can be accomplished only with the consent of his creditor) is the most effective aid, in most instances, which can be rendered to him. Merely to put off the evil day of foreclosure would fail to carry out the purposes of the act. If the debt is more than 80 per cent. of the value of the home, and the creditor refuses to discount his claim, the law affords no remedy. However, the creditor generally chooses to exchange his lien for a smaller sum in bonds. The Home Owners' Loan Corporation is interested in the reduction of the indebtedness of the home owner who procures a loan.

The exact amount of the indebtedness to be canceled by the acceptance of its bonds and the amount loaned by the creditor on the tendered security are subjects upon which the Home Owners' Loan Corporation is entitled to accurate information; and which we may assume is to be considered in determining the amount which can be safely loaned to the home owners.

█ Under the court's finding, this consent to take bonds is a valid agreement to take $6,880.19, face value of the bonds of Home Owners' Loan Corporation, in full settlement of the claim of $9,680.76.

█ The court erred in admitting evidence of the alleged oral agreement made contemporaneously with the consent to take bonds. The debt is the important thing—the security is incidental. When the debt is discharged, the mortgage falls. 1929 Comp.Stat. § 117-120.

In Val Verde Hotel Co. v. Hubbell, 27 N.M. 545, 202 P. 982, we said: "The admissibility of oral agreements made contemporaneously with written contracts has been fully discussed by this court in Locke v. Murdoch, 20 N.M. 522, 151 P. 298, L.R.A.1917B, 267, Baca v. Fleming, 25 N.M. 643, 187 P. 277, and Prentice v. Cain [27 N.M. 368] 202 P. 121. It is unnecessary to review the authorities. In the second case cited this court held that the parol agreement, to be enforceable, must be in respect of a matter distinct from that covered by the written contract, and that the party to that contract may not prove a parol agreement which devitalizes the writing and changes its stated purpose. Tested by this rule, the parol understanding between Hubbell and the individuals who obtained his signature to the subscription cannot be considered. The subscription on its face is an absolute one for 10 shares of stock. The attempt is to change it by parol to a subscription for 2½ shares. To admit such a parol understanding would be to clearly devitalize the writing and change its purpose in respect to a matter plainly covered by its terms." See, also, Frazier v. Ray, 29 N.M. 121, 219 P. 492.

The case at bar falls within the rule stated in the Hubbell Case.

█ We next come to the consideration of the cross-complaint of the appellants praying that the note sued upon be canceled and the mortgage deed released.

We feel that they are entitled to relief but they have taken the position that the application for the loan to the Home Owners' Loan Corporation and the mortgagee's consent to take bonds covered the two lots as one tract upon which appellant's home is situate. The court has a duty which is paramount to pecuniary interest of litigants. It will be in furtherance of justice and enable the court to carry into effect a desire expressed at the close of the trial of having the Home Owners' Loan Corporation's debt paid by requiring appellants to either pay the Home Owners' Loan Corporation in full or tender a mortgage pledging the two lots, free of liens, as security for the payment of the Home Owners' Loan Corporation's debt before the entry of a decree.

For the reasons stated, the decree should be reversed, and the cause remanded, with directions to the district court to set aside its decree and enter judgment for appellants after the appellants have paid the Home Owners' Loan Corporation in full or tender a mortgage pledging both lots described in appellee's mortgage, free of lien, as security for the payment of their Home Owners' Loan Corporation loan.

It is so ordered.

BICKLEY, BRICE, and ZINN, JJ., concur.

SADLER, C. J., did not participate.