VICTORY BUILDING CORPORATION, Respondent, v. HERBERT A. CRIST, Appellant.— Judgment and order of the Special Term reversed on the law and judgment of Buffalo City Court affirmed, with costs in all courts to appellant. Memorandum: When the plaintiff executed and delivered to the Home Owners' Loan Corporation the "Mortgagee's Consent To Take Bonds" dated June 30, 1934, it did so for the obvious purpose of inducing the Home Owners' Loan Corporation to go ahead with the proposed refunding. The plaintiff looked forward to the benefit which would accrue to it by receiving the bonds. This consent was never withdrawn. It was followed by the execution and delivery to the Home Owners' Loan Corporation of the second instrument dated January 12, 1935, acknowledging the Home Owners' Loan Corporation's authorization for the delivery of its bonds in the sum of $1,400, together with its check for $16.11. By the terms of that instrument the plaintiff agreed that the bonds and the check were received in full settlement of all claims against the defendant and that it would not thereafter assert any claim against the defendant or his property. Notwithstanding the execution and delivery of these instruments by the plaintiff to the Home Owners' Loan Corporation, the plaintiff procured from the defendant a second mortgage for $360 and the defendant's

oral promise to pay the additional sum of $72 to take care of the difference between the amount of defendant's debt and the face amount of the bonds. Plaintiff, having executed the instruments above mentioned, was not free to make a secret arrangement with the defendant for the payment of the balance of the debt. (*First Citizens Bank & Trust Co.* v. *Speaker,* 159 Misc. 427, mod. 250 App. Div. 824; *Kudak* v. *Port Washington Nat. Bank & Trust Co.,* 32 N. Y. S. 2d 203; *Jessewich* v. *Abbene,* 154 Misc. 768.) Whether the second mortgage of $360 and the agreement to pay $72 was with the knowledge and approval of the Home Owners' Loan Corporation, was a question of fact which was resolved in defendant's favor by the trial court. The verdict of the trial court, in our opinion, is not contrary to or against the weight of evidence. All concur, except Dowling and Larkin, JJ., who dissent and vote for affirmance in the following memorandum: Under the regulations of the Home Owners' Loan Corporation, it could permit a second mortgage, if that, when added to the first one, did not exceed the appraised value of the property. That appraisal is not in the record, but it is inferable that it was about $1,800. The giving of the second mortgage was at the suggestion of the representative of the Home Owners' Loan Corporation in charge of the transaction for it. If he was empowered to authorize it, plaintiff, in taking the second mortgage, cannot be said to have done so secretly, so that its security fell within the condemnation of *First Citizens Bank & Trust Co.* v. *Speaker* (159 Misc. 427, mod. 250 App. Div. 824), *Jessewich* v. *Abbene* (154 Misc. 768) and *Kudack* v. *Port Washington Nat. Bank & Trust Co.* (32 N. Y. S. 2d 203). Rather a situation was presented analogous to that in *Lavery* v. *Rizza* (126 Conn. 132), and *Bay City Bank* v. *White* (283 Mich. 267), where second mortgages, taken under similar circumstances, were held valid. Nor from the record does it appear that this representative was a mere special agent of the Home Owners' Loan Corporation, as was shown in *Markowitz* v. *Berg* (127 N. J. Eq. 90). With proof given by plaintiff warranting a finding of apparent authority in this representative to authorize the second mortgage, defendant gave no testimony whatever. Although the record on a previous appeal, herein, disclosed that the Home Owners' Loan Corporation tendered its entire file to the defendant for use on this trial, defendant offered no proof to show any limitation of the apparent authority of the corporation's agent. There is absolutely nothing in this record warranting a conclusion that the City Court judge dismissed the complaint because he disbelieved plaintiff's testimony as to the agency. There was no basis for him so to do. The particular testimony was unimpeached and uncontradicted. The failure of defendant to go forward with the proof, although clearly, if contradiction by the Home Owners' Loan Corporation was possible, it was available to defendant, is highly significant. Therefore the Special Term justice was warranted in reaching the conclusion that the second mortgage was authorized. His determination ought not to be reversed, at least not insofar as he held the second mortgage, constituting the bulk of plaintiff's claim, valid. (The judgment is for plaintiff, reversing a judgment of the Buffalo City Court, which dismissed plaintiff's complaint, in an action to recover balance of purchase price of realty. The order is the order of reversal.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.