Strickland v. Johnson, 21 N. M. 599.

[No. 1816, February 21, 1916.]
[Rehearing Denied May 1, 1916.]
## STRICKLAND v. JOHNSON et al.

### SYLLABUS BY THE COURT.

1. Evidence and pleadings examined, and **held to warrant** judgment for appellee for damages in the sum awarded by the court.

P. 601

2. Where the agreement between the parties is one and entire, and only a part of this is reduced to writing, the residue may be proved by extrinsic evidence, but parol evidence will not be received to dispute so much of the transaction as is embodied in the writter agreement.

P. 602

3. Where only a portion of an oral contract was reduced to writing, and the writing provided that "the sum of $6,000 is to be raised at once," it was competent to show by parol evidence that such sum was to be arranged for, from other parties, by the party who was to receive such sum in part payment for certain personal property sold, as such fact was not inconsistent with the written portion of the contract.

P. 602

Appeal from District Court, Chaves County; John T. McClure, Judge.

Action by A. A. Strickland against J. W. Johnson and another. From a judgment for plaintiff, defendants appeal. Affirmed.

GEORGE S. DOWNER of Roswell, for appellants.

Oral or extrinsic evidence is not admissible to contradict, vary or alter the terms of a written instrument.

Pino v. Beckwith, 1 N. M. 19; Price v. Wood, 9 N. M. 397, 54 Pac. 231. For exhaustive citation of cases, see note to Ferguson v. Rafferty, 6 L. R. A. 33; Elliott on Contracts, vol. 2, par. 1631; West v. Kelly, 19 Ala. 353, 54 Am. Dec. 192; Fawkner v. Lew Smith Wall Paper Co., 88 Iowa, 169, 55 N. W. 200, 45 Am. St. Rep. 230; Blair v. Buttolph, 72 Iowa, 31, 33 N. W. 349; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Peabody v. Bement, 79 Mich. 47, 44 N. W. 416; Wheaton, etc., Mill Co. v. John T. Noye & Co., 66 Minn. 156, 68 N. W. 854.

A judgment upon a subject foreign to issues is void.
23 Cyc. 818; Badaraco v. Badaraco, 10 N. M. 761, 65 Pac. 153; Black on Judgments, volo. 1 (2d ed.) par. 183.

A finding of a material fact which is contrary to the evidence or clearly against weight of evidence is erroneous and clearly reversible error.
Rush v. Fletcher, (N. M.) 70 Pac. 559; Romero v. Coleman, (N. M.) 70 Pac. 559; Baca v. Fulton, 3 N. M. 352, 42 Pac. 89.

REID & HERVEY of Roswell, for appellee.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellant and appellee, in the summer of 1913, entered into an agreement for the exchange of farms; appellee's farm was located in Illinois and appellant's near Roswell, in Chaves county, N. Mex. The agreement was silent as to the date upon which possession of the farms was to be surrendered to either party. Deeds were exchanged on the 1st day of July. On the 21st day of August, appellant arrived in Chaves county, and by mutual agreement entered into possession of a 60-acre tract of land and a dwelling house thereon. The court found that the parties agreed to exchange possession on the 1st day of October, and as this finding is based upon conflicting evidence, it will not be disturbed. Appellant, after the 21st day of August, retained possession of the remainder of the Chaves county farm, em-

bracing more than 200 acres, and pastured his sheep, cattle, and horses thereon, and appellee contended that he also pastured a portion of his sheep on the 60-acre tract possession of which had been delivered to him; that he pastured down and destroyed a 40-acre field of alfalfa, not included within the 60-acre tract, and that he also refused to surrender possession of the entire farm on the 1st day of October, and continued to pasture and use said lands until he was restrained from so doing by an order of court issued in this action. The object of this suit was to restrain appellant from pasturing said lands, for ejectment, and for damages for his failure to deliver possession, as per agreement, and for pasturing the 60-acre tract and destroying the growing alfalfa on the 40-acre tract. Appellant filed a cross-bill, in which he sought to recover damages for the alleged breach of a certain contract, hereinafter set out. The court heard the evidence, made findings of fact upon which conclusions of law were stated, and entered judgment for appellee against appellant in the sum of $450, and awarded him possession of the lands, from which judgment this appeal is prosecuted.

Two questions only require consideration: First, were the damages awarded appellee justified by the pleadings and proof? and, second, the contract not purporting to be complete, but being a mere memorandum, was parol evidence properly received to show that the consummation of the contract was dependent upon the ability of the appellee, with the assistance of appellant, to raise the sum of $6,000?

[1] Appellant takes the position that the fifth finding by the court, to-wit:

"The defendant, J. W. Johnson, did not surrender and deliver full possession of said 60-acre tract nor said 40-acre tract as soon as the oats and barley were harvested and removed therefrom, as required by his said agreement, but kept and used that part of the same which afforded pasture, and pastured his live stock thereon until about October 17, 1913, and that plaintiff was injured and damaged thereby in the sum of $225."

The objection urged against this finding is that neither the pleadings nor the evidence justified the allowance of any damages for pasturage on the 60-acre tract, because it was in the posession of appellee. It is admitted that the finding as to the 40 acres was within the issues and proof. In the fourth paragaraph of the second cause of action, however, it is alleged that the appellant pastured his sheep on this land, and on the 40-acre tract, and damages are prayed in the sum of $450. Therefore this issue was raised by the pleadings. While the proof showed that appellee did enter into possession of the 60 acres, yet it further shows that some of appellant's sheep were grazed on this land; and, while it is perhaps true that there was very little grazing afforded by this particular. tract, yet the evidence as to the grazing on both tracts and the damages caused thereby fully warranted the finding made by the court. Such being the case, the finding is not subject to attack.

[2, 3] A more serious question is presented by the second question stated. After this action was instituted by appellee, appellant suggested to him that some amicable settlement be reached for the adjustment of their disputes. Both parties agreed that such a course would be advisable. Appellant thereupon suggested that appellee purchase all of his personal property, consisting of sheep, horses, cattle, farming implements, etc., and that in that event he would move out within a few days and surrender peaceable possession of the farm. Appellee stated that he would be glad to buy the personal property, but that he had no money and was a stranger in Chaves county, and could not hope to borrow it. Appellant thereupon stated that he would sell the property to him for $8,500; that he could borrow $6,000 on it in Roswell, and that he would take a second mortgage for the balance, which should be paid in 30 days. This was assented to by appellee, conditioned, so he stated, and such the evidence of other witnesses tends to establish, upon his being able to secure a loan of the $6,000 in Roswell, which appellant assured him could be done, and

Strickland v. Johnson, 21 N. M. 599.

that he would assist him to do so; that he had often borrowed a similar amount on the same security. Thereupon appellant went to the house and wrote out the following contract, which was signed by both parties:

"Agreement entered between J. W. Johnson, and A. A. Strickland, for sale of personal property whereby A. A. Strickland is to receive all personal property on the premises except automobile and household property for a consideration of $8,500 and equity in house and lot in Benton, Illinois, now in the possession of A. A. Strickland. The sum of $6,000 is to be raised at once. The balance to be paid within thirty days from this date, October 25, 1913. The deferred payment to be secured by a second mortgage on all personal property now on the farm owned by A. A. Strickland.

      "J. W. Johnson.
      "A. A. Strickland."
"Witness: Mrs. J. W. Johnson."

Immediately upon signing the contract both parties went together to Roswell, and both tried, at various places, to procure the money, but without success. Three days thereafter appellant notified appellee that he would rescind that part of the contract which provided for the sale of the personal property because of appellee's noncompliance therewith; that he would proceed to sell the property and hold him liable for all damages he sustained. He sold the property for $2,110.36 less than the contract price, and by a cross-bill in this action sought to recover such amount from appellee, as damages for his non-compliance with the contract.

That this contract is incomplete is shown upon its face. It neither described the property nor locates it, nor is the house and lot which was to be deeded to appellant described, and appellant admits that the entire agreement was not embraced within the terms of the written contract. He says that it was orally covenanted, agreed, and understood between the parties, in connection with and as a part of the consideration of said written contract, that the plaintiff would dismiss this action then pending against defendant, appellant here, that he would give appellant possession of a certain farm in Illinois, formerly owned by him, within two weeks, and that ap-

pellant would give the appellee possession of the entire tract of land described in the complaint herein within a few days, and that appellant would pay the costs to date in this action.

Nor need the incompleteness be apparent on the face of the instrument to furnish a basis for the admission of parol evidence. In the case of Wheaton Roller Mill Co. v. John T. Noye Mfg. Co., 66 Minn. 156, 68 N. W. 854, the rule was stated as follows:

"If the written contract, construed in view of the circumstances in which, and the purpose for which, it was executed —which evidence is always admissible to put the court in the position of the parties—shows that it was not meant to contain the whole bargain between the parties, then parol evidence is admissible to prove a term upon which the writing is silent, and which is not inconsistent with what is written; but, if it shows that the writing was meant to contain the whole bargain between the parties, no parol evidence can be admitted to introduce a term which does not appear there. In short, the true rule is that the only criterion of the completeness of the written contract as a full expression of the agreement of the parties is the writing itself, but, in determining whether it is thus complete, it is to be construed, as in any other case, according to its subject matter, and the circumstances under which and the purposes for which it was executed."

If regard be had to the circumstances in which and the purpose for which the above contract was executed, it becomes apparent, without resort to the face of the contract, that it did not, and was not, intended to embody all the terms of the agreement.

"A contract partly in writing and partly oral is generally regarded as a parol contract to which the parol evidence rule does not apply." Elliott on Contracts, vol. 2, par. 1631.

This text is abundantly fortified by the authorities, cited in the foot note.

In Parsons on Contracts, vol. 2, § 553, the author says:

"Where the agreement between the parties is one and entire, and only a part of this is reduced to writing, it would seem that the residue may be proved by extrinsic evidence."

In Greenleaf on Evidence, § 284a, the author says:

"Nor does the rule apply in cases where the original contract was verbal and entire, and a part only of it was reduced to writing."

And see, also, Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512.

While the above is true yet, where a part of the contract has been reduced to writing, parol evidence will not be received to dispute the terms of so much of the transaction as are embodied in the written agreement. Wigmore on Evidence, § 2430. This being true, the only question remaining for determination is whether the further parol agreement not embodied in the written contract, to the effect that appellant would raise the money for appellee, contradicted the terms of the written portion of the contract. The language of the contract, in this regard, is somewhat peculiar. It says "the sum of $6,000· is to be raised at once," not paid, as would naturally be assumed where there was an unconditional undertaking to pay. The next sentence in the contract is: "The balance to be paid within thirty days from this date. October 25, 1913." In the case of Schwentker v. Hubbs, 153 Pac. 68, this court said:

"Parol evidence is admissible, in the construction of contracts, to define the nature and qualities of the subject matter, the situation and relations of the parties, and all the circumstances, in order that the courts may put themselves in the place of the parties, see how the terms of the instrument affect the subject-matter, and ascertain the signification which ought to be given to any phrase or term in the contract which is abiguous or susceptible of more than one interpretation."

What was the situation of these parties as disclosed by the evidence? Appellee was a stranger in Chaves county. He was without funds, and owned only an equity in the Chaves county farm. Appellant was well acquainted in Roswell, and had frequently borrowed money from the banking institutions in that city, and had used this personal property as security. He assured appellee that the banks in Roswell would loan him the sum of $6,000 on this personal property, and that he would be able to ar--

range the loan for him. In other words, he assumed the responsibility of raising the money on this security; hence the contract, instead of stating that the $6,000 should be paid at once, stated simply that it would be "raised" at once. Parol evidence, therefore, as to the manner and method by which such sum should be raised did not vary or contradict the terms of the written contract, but simply disclosed additional terms of the original oral agreement which had not been embodied in the written memorandum.

Such being true, it follows that the trial court committed no error in receiving proof of such fact, and in finding for the appellee. For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

HANNA and PARKER, J.J., concur.