(No. 2275.   Jan. 17, 1920.)

## BACA v. FLEMING

### SYLLABUS BY THE COURT

1.  Where the terms of a written contract are silent as to the subject-matter of a parol contemporaneous agreement, and such parol agreement does not contradict the terms of the written contract, a party may recover for a breach of such parol agreement, and the proof of its contents is admissable. But such parol agreement, to be enforceable, must be in respect to a matter distinct from that covered by the written contract, and a party to such a contract cannot by parol set up in the guise of a separate contract something which devitalizes the writing and changes or aborts the stated purpose thereof.
                                                                P. 646

2.  Where A enters into a written contract with B. for the purchase of an automobile, and by the terms of said written contract A. agrees to keep said automobile in repair and to replace the broken parts, and to at all times during the continuance of the contract keep the automobile in as good repair as it was at the time of purchase, natural wear and tear excepted, such written contract is inconsistent with the terms of an alleged oral warranty by which it was alleged B. warranted all the metal parts of the machine against breakage, and agreed to replace at his expense all broken or defective parts.          .                                   P. 647

3.  A conditional vendee cannot, before title is vested in him, recover general damages for a breach of warranty.
                                                                P. 649

4.  An original complaint, which states no cause of action, cannot be remedied by a supplemental complaint, setting up matters that have occurred since the commencement of the suit.          .                                   P. 649

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Action by Elfego Baca against John Fleming. Demurrer to complaint filed under stipulation was overruled, and motion to strike out an amended and supplemented complaint was denied, and·judgment for plaintiff, and defendant appeals.   Reversed and remanded, with instructions to sustain the demurrer.

GEORGE C. TAYLOR, of Albuquerque, for appellant.

M. C. SPICER, of Socorro, for appellee.

## OPINION OF THE COURT

ROBERTS, J.   On September 3, 1917, appellee filed a complaint in the district court of Socorro county, in which he sought to recover damages from appellant for breach of an oral warranty alleged to have been made upon the purchase by appellee from appellant of a Saxon four-passenger automobile.   In his complaint he alleged that he purchased the machine on June 27, 1917, under an oral contract by which he agreed to pay, and did pay, the sum of $1,100; that the automobile was warranted by appellant to be free from defects in material and workmanship, and that the appellant warranted said automobile against breakage of any of its metal parts for the period of one year; and that appellant then and there agreed to replace and make good any metal parts of said automobile breaking down under normal use for a period of one year from the date of sale.   This was followed by an allegation that on the 22d day of August, 1917, plaintiff was using the automobile with ordinary care, and that the following parts of said automobile were broken, to wit, the cylinder block, a valve push rod, a valve spring, valve lock, and the crank case, leaving said automobile useless and in a worthless condition; that demand was made upon the appellant to replace the broken parts which was refused.

Thereafter, on the 2d day of March, 1918, appellee filed an amended and supplemental complaint, in which he alleged that the contract for the purchase of the machine was in writing, attaching to his complaint as Exhibit A the written contract, which shows that the contract in question was a conditional sale contract, under which appellee had paid $300 in cash and had agreed to pay the remaining $800 in installments, evidenced by three promissory notes, the first of which fell due August 1st thereafter, amounting to $200; that title to the automobile was retained by the appellant, and was to remain in the appellant until the full payment of the purchase price, together with any notes given therefor or any judgment rendered thereon. It was admitted in the complaint that appellee had not paid the August installment, or the other payments as they became due, but the complaint proceeded upon the theory that, as appellant had sued appellee in the district court of Bernalillo county in October, 1917, and secured a judgment on the notes, the effect of the suit and the reduction of the notes to judgment was to vest the title to the machine in appellee. The amended and supplemental complaint alleged that the appellant as an inducement to the appellee to enter into the written .contract, orally made the warranties set out and alleged in the original complaint and hereinabove set out. Breach of warranty was alleged, and damages in the sum of $1,100 asked, and further damage in the sum of $45 for expenses incurred by appellee in transporting his family from the place where the automobile broke down to Albuquerque, the home of appellee.

Appellant filed a motion to strike out the amended and supplemental complaint on the ground that it attempted to state a cause of action entirely new and distinct from that attempted to be set out in the original complaint, and that the same was entirely inconsistent with, repugnant to and contradictory of, said original complaint. Other grounds were also stated in the motion. A stipulation was entered into between counsel for appellee

and appellant in the lower court, by which it was agreed that appellant should file a demurrer to the complaint, and that both the demurrer and motion should be presented to the court at the same time, but that appellant should not sacrifice any of his rights under the motion to strike by reason of filing the demurrer. Thereafter, and on the same day, a demurrer was filed, the two main grounds of which may be summarized as follows:

First. That the complaint failed to state a cause of action because it showed upon its face that appellee had no title to the automobile at the time the amended and supplemental complaint was filed.

Second. That said alleged oral warranty and agreement contradicted, varied, abrogated and modified the written contract attached to the complaint marked "Exhibit A" and made a part thereof.

Both the motion to strike and the demurrer were overruled by the court, and, appellant failing to plead further, proof was heard, and judgment was entered for appellee in the sum of $1,145, to review which this appeal is prosecuted.

The first ground of the demurrer presents a very interesting question, upon which the courts do not appear to be in harmony. It is not necessary, however, that it should be considered and decided in this case, because the second ground stated was well taken, and the demurrer should have been sustained.

[1] It is well settled that where the terms of a written contract are silent as to the subject-matter of a parol contemporaneous agreement, and such parol agreement does not contradict the terms of the written contract, the party may recover for a breach of such parol agreement, and the proof of its contents is admissible. Lock v. Murdock, 20 N. M. 522, 151 Pac. 298, L. R. A. 1917B, 267. But such parol agreement, to be enforceable, must

be in respect of a matter distinct from that covered by the written contract, and a party to such a contract cannot by parol set up in the guise of a separate contract something which devitalizes the writing and changes or aborts the stated purpose thereof. Bijur Motor Lighting Co., v. Eclipse Motion Co., 243 Fed. 600, 156 C. C. A. 298; Seitz v. Brewers, etc., Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837; Harrison v. Fortlage Co., 161 U. S. 67, 16 Sup. Ct. 488, 40 L. Ed. 616; Caflisch v. Humble, 251 Fed. 1, 163 C. C. A. 251; McAleer v. U. S., 150 U. S. 424, 14 Sup. Ct. 160, 37 L. Ed. 1130.

In Elliott on Contracts, vol. 2, § 1633, the author says:

"Parol evidence of a distinct, valid, parol agreement between the parties, although prior to or contemporaneous with a written contract, is not excluded by the rule in question where it does not in any way vary or contradict the writing, and there are cases in which this is true, although the parol agreement may be collateral to the written contract, and relate in some way to the same subject-matter, at least where the writing is silent upon the subject and the parol agreement does not appear to be so closely connected with the matter of the written contract that it should be deemed to have entered into the negotiations or formed a part of the transaction or matter of which the writing was intended to be a complete and final statement. But a complete, valid, written contract merges all prior and contemporaneous negotiations and agreements within its purview, and if the parol agreement is not really collateral, but is an element of the written contract, or tends to vary or contradict the same, either in its express provisions or its legal import, it is inadmissable."

In Page on Contracts, vol. 2, § 1222, the author says:

"An alleged collateral contract is as unenforceable when inconsistent with the legal effect of the written provisions as when it is inconsistent with express provisions."

[2] The written contract, attached as an exhibit to appellee's complaint, was quite lengthly, and, among other provisions, contained the following:

"Said purchaser further agrees not to use or permit said automobile to be used for hire until the purchase price and the note representing same are fully paid, and to use said automobile at all time during the continuance of this contract

in careful and prudent manner, to house and shelter same and to pay any and all taxes or charges which may be levied or assessed thereon, and to make any and all repairs thereon which may be necessary to keep said automobile and its attachment and equipment in as good condition as they are now, necessary use and wear excepted, and to keep said automobile attachments and equipment free and clear of and for any and all liens and incumbrances."

By the written contract appellee undertook and agreed to make any and all repairs on the machine which might be necessary to keep it and its attachments and equipment in as good condition as they were at the time of the purchase, natural wear and tear excepted. The alleged oral warranty, by which the appellant warranted the automobile to be free from any and all defects in material and workmanship and against breakage of any of its metal parts for a period of one year, appellant agreeing that in case of the breakage of any of said parts to replace the same at his own expense, was wholly inconsistent with the legal effect of the written contract by which appellee agreed at his expense to replace any of the broken parts. Consequently the complaint failed to state a cause of action.

Appellee to sustain his action relies upon the rule annuonced by this court in the case of Lock v. Murdock, but the facts are quite different. In that case the written contract was absolutely silent as to the stipulation contained in the oral agreement, which was alleged to have been the inducement for entering into the written contract. Only one quotation need be given from the case referred to to show the recognition by the court in that case of the rule applied here. The court quoted with approval from the case of Welz v. Rhodius, 87 Ind. 1, 44 Am. Rep. 747, as follows:

"The contract made, the promise given by either party, as expressed in the writing, cannot be modified; but further or additional consideration may be shown, even though it consist of a promise of one party to the other, if it be to do something outside of and so far distinct from the written promise or contract as that the latter is not varied or modified."

To give effect to the oral warranty upon which appellee seeks to recover in this case would undoubtedly vary or modify the written contract, for instead of appellee keeping the machine in repair as he stipulated in writing that he would do at his expense, under the oral agreement this duty would rest upon appellant.

[**3, 4**] While this disposes of the case and necessitates a reversal, it may not be inappropriate to say that the trial court was likewise in error in refusing to sustain the motion to strike the supplemental complaint. The supplemental complaint shows upon its face that appellee had no cause of action at the time of filing the original complaint, because at that time, under any view of the case, he had no title to the automobile, and it is almost universally held that a conditional vendee cannot, before title is vested in him, recover general damages for a breach of warranty. See note to the case of Peuser v. March, Ann. Cas. 1918B, 914. And it is likewise universally held that an original complaint which states no cause of action cannot be remedied by a supplemental complaint setting up matters that have concurred since the commencement of the suit. 31 Cyc. 504. Appellee, however, says that appellant waives his motion to strike by filing demurrer. But the stipulation was to the contrary. As the case is disposed of on the ruling on the demurrer, no further consideration need be given to the motion to strike.

The case is reversed, and remanded to the district court of Socorro county, with instructions to sustain the demurrer on the grounds stated; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.