[No. 2545.   Nov. 4, 1921.]

PRENTICE et al. v. CAIN et al.

### SYLLABUS BY THE COURT.

A valid written contract merges all prior and contemporaneous oral negotiations concerning the subject-matter embraced within the terms of the writing, and parol evidence cannot be received to contradict, vary, add to, or subtract from the terms thereof.

Appeal from District Court, Quay County; Leahy, Judge.

Action by R. A. Prentice and another against C. W. Cain and another.  Judgment for plaintiffs, and defendants appeal.  Reversed and remanded.

Ed. F. Saxon, of Tucumcari, and Veale & Lumpkin, of Amarillo, Tex., for appellants.

R. A. Prentice, of Tucumcari, for appellees.

### OPINION OF THE COURT.

DAVIS, J.   Plaintiffs, appellees here, brought this action to recover for breach of a contract relative to the sale of automobiles.  Various grounds for damages were alleged, but as recovery was upon only one, it is unnecessary to state the others.  The the-

ory upon which recovery was had was that the contract gave appellees an exclusive right to sell. Oakland automobiles within a stated district; that three of these automobiles had been sold within that district by other parties, and that therefore plaintiffs were entitled to damages. The district court gave judgment accordingly. The controlling question is whether the rights of plaintiffs were exclusive.

There was a written contract between appellees and the Vester Automobile Company, one of the appellants here. The company agreed to sell the automobiles at stated prices and to deliver them at agreed times. Various other details are set out. The contract provided that there were no verbal agreements affecting it, and that no alterations or variations in its terms should be binding upon the company unless made in writing and signed by one of its officers. Nowhere in it was there a suggestion that appellees should have exclusive right to sell the automobiles within any locality, and in fact there was no territorial limitation upon their right to sell cars purchased. To the contrary, the written contract expressly stated that no exclusive sale was given on cars or parts.

Appellees did not claim in the court below, nor do they here, that they had any exclusive rights under this contract. They base their claim upon an oral understanding with the appellant C. W. Cain, who was acting vice president of the company, by which they say it was agreed that they should have the exclusive right to sell within specified territory.

The trial court found that the written contract was entered into, but that "at the time and place of the making of said contract" a further and additional agreement was made by which certain territory "should be by defendants assigned and set over

unto plaintiffs for the exclusive right to sell Oakland automobiles therein for and during the life of said contract." It found that three Oakland automobiles were sold within the territory by parties other than plaintiffs, fixed the damages, and gave judgment.

The additional agreement referred to was a verbal one, but in support of its findings the trial court referred to certain correspondence between the parties.

On November 13, 1917, after the cancellation of the contract, Prentice wrote the company a letter in which he said:

"Am also informed that the subagent at Las Vegas sold to W. E. Lang, of Cuervo, an Oakland car last week. This is in our territory, and we should have the commission on this car.

"Would be pleased to have you take the matter up with the Albuquerque house and arrange for a settlement of this commission."

To this the company replied on November 17 as follows:

"In regard to sale at Las Vegas sold in your territory, wish to say that Las Vegas is under the Denver distributors and if you will give us the motor car number of the machine we will take it up with them immediately, and try to secure a commission for you. Although we will not obligate ourselves to see that such commission is paid, unless the Denver distributors pay us."

We do not think this correspondence proves the contention of appellees or sustains the finding of the trial court.

The facts, therefore, are that plaintiffs made a written contract, containing no provision as to exclusive rights, and, indeed, expressly stating that the rights were not exclusive. They attempt to prove that this contract does not express the true agreement, since it was verbally agreed and understood that their rights should be exclusive in cer-

tain territory. This they may not do, whether the parol understanding was prior to or contemporaneous with the written instrument. Such parol matters are merged in the writing. Locke v. Murdoch, 20 N. M. 522 151 Pac. 298, L. R. A. 1917B, 267; Baca v. Fleming, 25 N. M. 643, 187 Pac. 277.

So far as concerns appellant C. W. Cain, the judgment is clearly erroneous on other grounds. The negotiations with him were entirely in his capacity as vice president of the company, and were so understood by every one. He did not sign the written contract, and was not a party to it.

The case is reversed and remanded for further proceedings in accordance with this opinion; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.