83 P.2d 459

## TURNER v. DENTON.

### No. 4368.

Supreme Court of New Mexico.

Oct. 10, 1938.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellant.

J. C. Compton, of Portales, and Otto Smith, of Clovis, for appellee.

ZINN, Justice.

On April 24, 1936, plaintiff below (appellee here) and defendant (appellant

here) entered into the following written contract:

### "Livestock Contract.

. "This Contract, Made and entered into this 24th day of April, 1936, by and between E. T. Denton of Kenna, New Mexico, party of the first part, and O. B. Turner of Alamosa, Colorado, party of the second part,

: . "Witnesseth: Party of the first part, for and in consideration hereinafter named, has this day granted, bargained and hereby sells and agrees to deliver f. o. b. cars at Kenna, New Mexico on or about the 14th day of May, 1936, to the party of the second part, the following described livestock, to-wit: About 430 head heifers and steers (a) $7.00 Per Hundred to be weighed, to be two years old, 1936 with no cut. Beginning at 11:30 to shape stock in pens and to be weighed in Denton scales as each load is cut out with 4% shrink. The above cattle are located at Denton feed pens.

"Party of the second part pays one thousand ($1000.00) Dollars upon the signing of this contract as earnest money, the receipt of which is hereby acknowledged, balance of purchase price to be paid upon delivery.

"Above forfeit as Part Payment to be held by Party of The First Part until last load of cattle is delivered. It is further understood that cattle will be received by Party of Second Part at rate of four loads weekly and he may have option to rest on week of June 4th if desired, but all cattle must be received by June 11th.

"Party of the first part is to pay brand inspection and furnish party of the second part, without expense all health certificates required.

"In witness whereof, Parties have hereunto set their hands and seals the day and date above written."

Prior to the signing of this contract the parties discussed feeding of the cattle, defendant telling plaintiff (according to the latter's testimony) that "at that time they were feeding half corn and half maizeheads and hegari, and about a pound and a half to two pounds of cotton-seed meal and he would increase the corn and would also increase the cottonseed meal and prepare the cattle and make them harder and gain more." Defendant asked plaintiff if he wanted to put anything in the contract about the feeding of the cattle and, according to the testimony of witnesses, plaintiff replied, "You know about feeding cattle as well as I do, or better than I do." The plaintiff told defendant to continue feeding the cattle as he had been doing and to prepare them for shipping. Nothing was said in the written contract either about feeding the cattle or about the method of feeding, if any. On two occasions before the date set for delivery of the cattle plaintiff inspected them and made some objection as to the kind of feed they were receiving, but upon defendant's promise to get more corn he was apparently satisfied. On the morning of the delivery date plain-

tiff refused to accept the cattle because, as he contends, they had not been properly fed, had been given too much salt and water and were "filled", "just blowed up."

Plaintiff had paid to defendant $1,000 under the written contract and on the same day, May 14, 1936, he filed suit against defendant, alleging fraud and misrepresentation as to the feeding of the cattle. On the following day defendant sold some of the cattle to a packing company and on the 26th or 27th of May sold the balance to another company at prices which resulted in a total loss on the cattle to defendant of $1,058.76. Defendant contends that the $1,000 paid by plaintiff was a forfeit. The trial court found in favor of plaintiff.

The decisive question in the case is whether the trial court erred in admitting evidence of the oral agreement or understanding as to feeding the cattle. Upon the defendant's objection to testimony regarding the arrangement for feeding the cattle, the court said: "Only we might assume, I rather think, that the contract was not complete at that time, because it is to be presumed here is a lapse of about a month's time that the cattle had to be fed, I take it." No findings of fact or conclusions of law were requested or made, but after the parties had concluded their cases the court made the following statement: "Mr. Dow, early in the trial, objected to evidence varying the rule as to contracts. I find from the nature of this contract that it was not complete and that the method of feeding was a part of the contract, and this is one of the cases where it varies the rule, because, if there were not agreement about the feeding you might put them on the grass. So I say it is necessarily a part of the other contract. The written contract is not complete, and the objection is overruled."

Defendant excepts to this ruling.

The general rules as to admission of parol evidence to determine what contract was made by the parties are well settled. Locke v. Murdoch, 20 N.M. 522, 151 P. 298, L.R.A.1917B, 267; Strickland v. Johnson, 21 N.M. 599, 157 P. 142; Baca v. Fleming, 25 N.M. 643, 187 P. 277; Prentice v. Cain, 27 N.M. 368, 202 P. 121; Frazier v. Ray, 29 N.M. 121, 219 P. 492; Chaves County Building & Loan Ass'n v. Hodges, 40 N.M. 326, 59 P.2d 671.

An exhaustive search of the cases apparently in point does not aid materially, since each case is slightly different in its facts and the courts have had to determine intent according to those facts. In Locke v. Murdoch, supra, the court said [page 300]: "The courts seem to agree that the question at bar presents a recurring difficulty, not because of the rule itself, but because of the application of the exceptions which appellee invokes."

To one dealing with the buying of cattle for the beef market this contract would appear on its face to be incomplete. The trial court did not err in admitting parol evidence to prove the actual contract entered into between the parties. It is admitted that the parties discussed the

question of putting their entire contract into the written agreement and plaintiff said it was unnecessary to do so. Merely because plaintiff trusted defendant and relied upon defendant's agreement as to the manner in which the cattle were to be fed, and then failed to put such agreement in the writing, we are not to be held to a rule that such agreement in its entirety cannot be proved by parol evidence. This contract was one and entire, though not all of it was reduced to writing. In the case of Strickland v. Johnson et al., supra, our court held that "Where the agreement between the parties is one and entire, and only a part of this is reduced to writing, the residue may be proved by extrinsic evidence, but parol evidence will not be received to dispute so much of the transaction as is embodied in the written agreement."

That part of the agreement here involved which the trial court allowed plaintiff to prove by parol evidence does not dispute any provision of the written contract or change the purpose thereof. In Baca v. Fleming, supra, 187 P. page 278, our court said: "It is well settled that where the terms of a written contract are silent as to the subject-matter of a parol contemporaneous agreement, and such parol agreement does not contradict the terms of the written contract, the party may recover for a breach of such parol agreement, and the proof of its contents is admissible. Locke v. Murdoch, 20 N.M. 522, 151 P. 298, L.R.A.1917B, 267. * * *"

From the testimony the court could have found that the plaintiff relied upon the parol contract or representations made by the defendant as to the manner in which the cattle were to be fed from the time the written contract was signed and the time the cattle were to be delivered. That parol evidence would have then been admissible, see McGregor v. First Farmers-Merchants Bank & Trust Co., 180 Wash. 440, 40 P.2d 144, where the court said (page 147) that where a parol contemporaneous agreement is the inducing and moving cause of a written contract or where a parol agreement forms part of the consideration of a written contract, and it appears that the written contract was executed on the faith of the parol contract or representation, then such evidence is admissible. 3 Jones on Evidence, sec. 1492 (2d Ed). And in Pople v. Orekar, 22 N.M. 307, 161 P. 1110, we held that if a written contract fails to state the entire consideration the same may be shown, and if the consideration stated is ambiguously termed, or if it is clear that the whole consideration is not stated, the true consideration may be proved by parol evidence. See, also, Morstad v. Atchison, T. & S. F. Ry. Co., 23 N.M. 663, 170 P. 886, in which it was held that it is competent to show by parol evidence that the consideration was greater or less than the one expressed in the contract. Under the facts, had the court found that this was a contemporaneous parol agreement parol evidence would have been admissible, but in view of our conclusion expressed here-

inabove that there was but one contract, only a part of which was reduced to writing, we need not consider other alleged errors.

The judgment of the district court, for the foregoing reason, will be affirmed, and it is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.