**103 P.2d 119**

**ALFORD v. ROWELL et al.**

No. 4474.

Supreme Court of New Mexico.

May 27, 1940.

R. F. Deacon Arledge, of Albuquerque, for appellants.

Joseph G. Whitehouse, of Albuquerque, for appellee.

SADLER, Justice.

Plaintiff (appellee) sued defendants to recover the balance remaining due after sale of certain repossessed personal property ·consisting of a refrigerator display counter, a meat block and other miscellaneous items. Default by defendants in the payment of monthly installments called for by the conditional sales contract evidencing the transaction was averred and the balance due, including attorneys fees and expenses incident to the sale, was alleged to be $365.83, for which sum judgment was prayed. A copy of the conditional sales contract was attached to the complaint.

The defendants admitted execution of the contract and the correctness of payments·made by them as alleged in the complaint. They set up, however, by way of defense, a certain oral agreement claimed to have been made contemporaneously with the execution of the written contract and alleged concerning same the following, to-wit:

"I. That at the same time and contemporaneous with the execution of the written contract referred to in paragraph numbered II of said complaint and in consideration of the execution of said written contract by defendants, and in consideration of defendants promise to refrain from purchasing a larger counter from any other dealer, plaintiff entered into a certain valid, binding oral contract with defendants. That the terms of said contract were as follows:

"That at the subsequent time, at an exact time to be named at the option of defendants, plaintiff would sell, and defendants would buy, one new or used ten-foot (10') or twelve-foot (12') display refrigerator counter at the then usual, fair and reasonable market price of said counters; that plaintiff would then retake defendants' six-foot (6') counter referred to in paragraph numbered II of the complaint and apply defendants' equity in the said six-foot (6') counter as a "down-payment" on the ten-foot (10') or twelve-foot (12') counter; or, in the alternative, defendants would have the option of paying the balance due under· the terms of said contract in one cash payment at a sum equal to the unpaid balance less interest not yet earned or accrued on the unpaid balance as indicated by the general nature, terms and tenor of said contract.

"That at a time well known to plaintiff to-wit during the months of August and December, 1937, plaintiff in conversations with defendants affirmed the terms of said oral contract and affirmed that defendants

might execute their said options at any time.

"II. That at the same time of the execution of the said oral contract, plaintiff had no intention of keeping his said promises or any of them; that on the contrary, plaintiff well knew, although defendants did not know, that the contract "time price" was excessive and greatly exceeded the value of said counter; that said counter was of inferior design and quality; that the effect of plaintiff's promises aforesaid was to mislead and deceive defendants; that plaintiff intended to and did, in fact, deceive defendants, and that defendants relied upon plaintiff's promises to their detriment."

Breach of the claimed oral contract was alleged in this, to-wit, that a little more than a year following execution of the written contract, the plaintiff came into possession of a used twelve foot refrigerator display counter, the purchase of which pursuant to terms of the oral contract defendants requested of plaintiff, including acceptance of the six foot counter as a "down payment" under the conditions agreed in the oral contract. This, it is alleged, the plaintiff wholly refused to do, declining to be bound in any manner by the terms of the alleged oral agreement.

The prayer was that the conditional sales contract be rescinded and declared of no further effect. The defendants also sought damages by cross-complaint for wrongs alleged to have been done them by plaintiff in repossessing the property. The issues raised by the cross-complaint are not before us, since the trial court resolved them in favor of plaintiff and defendants present no bill of exceptions to test the propriety of the trial court's action in this regard.

The plaintiff demurred to the new matter in defendants' answer upon grounds, as follows: "Comes now the plaintiff herein and demurs to the Defendants' Amended Answer by Way of New Matter for the reason that the same fails to state a legal defense to the Complaint of the Plaintiff in that the alleged oral contract set out in paragraph one, and upon which all of the allegations of paragraphs 2, 3, and 4 are based, contradicts, varies, abrogates, and modifies the terms of the written contract set out in the Complaint of the plaintiff and upon which the plaintiff's cause of action is based." .

The demurrer was sustained. The effect of the ruling on the demurrer was to eliminate so much of the answer as relied upon the oral agreement. Thereupon, the defendants electing to stand upon the ruling, the plaintiff replied to the portion of defendants' answer not eliminated by the demurrer and judgment was entered against defendants for one hundred seventy-nine and 09/100 ($179.09) dollars. The plaintiff, as purchaser at the sale of the equipment after repossessing it, agreed with defendants' attorney prior to trial, that upon a resale of same by him, the defendants should have a credit of any sum above what was necessary to satisfy the

balance due him, all as set up in the reply. A resale having occurred, the defendants were credited with $414.26, leaving the balance for which judgment was taken.

From the judgment so entered against them the defendants appealed and present for review the single claim of error that the trial court erred in sustaining plaintiff's demurrer to their answer. They present their argument under several points. However, we may dispose of the appeal in resolving two questions: (1) Aside from the allegations of fraud, does the answer plead facts which upon a trial would authorize the admission of evidence of the claimed oral agreement? (2) If not, do the allegations of fraud weighed in the light of what appears in the complaint authorize proof of the oral agreement? An affirmative answer to the first inquiry, of course, would render unnecessary an answer to the second.

■ Our initial concern is whether the alleged oral agreement varies or modifies the written contract. We think it does. Certainly, the alternative agreement to accept at any given time a lump sum payment of the balance due, less unearned interest, changes the written agreement to pay such balance in fixed monthly installments at a stipulated rate of interest. It seems no less true that a written agreement to purchase and *acquire title* to a six foot counter is altered by a contemporaneous oral option, exercisable at the election of one of the parties, not to complete payments for and *acquire title* to the six foot counter, but instead to turn it back to the seller, taking as a credit the amount already paid as the first or "down" payment on a twelve foot counter.

■ In the face of the indisputable fact of alteration or modification of the written agreement by the claimed oral stipulations, the defendants seek to avoid application of the general rule which denies the right to prove the oral commitments when they vary, contradict or modify the writing. Principal reliance is placed upon the case of Locke v. Murdoch, 20 N.M. 522, 151 P. 298, 300, L.R.A.1917B, 267. Correctly appraised, the decision does not aid the defendants. It was there held that evidence of a parol agreement to refrain from practicing dentistry, made at the same time a written contract for the sale of the dentistry business was made, was admissible if it did not contradict or vary the terms of the writing. The court said: "Whether the exception invoked by appellee is applicable depends entirely on whether the evidence clearly establishes that in fact the parol agreement is collateral to and independent of the written contract *and does not vary the terms thereof.* If it is, the court will apply the exception; if not, the general rule controls and the complaint must then be dismissed." (Italics ours.)

Pople v. Orekar, 22 N.M. 307, 161 P. 1110, 1114, another case cited by defendants as sustaining their position, likewise qualifies the statement of the exception to the general rule in a way which excludes

defendants from its operation where fraud, an exception to be considered later, is not involved. Stating the exception which permits parol evidence of the entire consideration for a written agreement, where the writing fails to state the same, the court said: "The general rule is that parol evidence cannot be received to contradict, vary, add to, or subtract from the valid written terms of a contract. This rule, however, is subject to the exceptions that, if a written instrument fails to state the entire consideration, the same may be shown, and if the consideration stated is in ambiguous terms or if it is clear that the whole consideration is not stated, the true consideration may be proved. Jones on Evidence, § 468. The same author also states the rule to be that the real consideration may be proved, although different from that expressed in the writing, *unless the parol testimony tends to change the contract itself, in which event parol evidence is not admissible.* To the same effect, see, also, Wigmore on Evidence, § 2433; volume 3, Ency. of Evid. pp. 401, 402; 9 Cyc. 368; 6 A. & E.Ency. of Law, 767." (Italics ours.)

Turner v. Denton, 42 N.M. 630, 83 P. 2d 459, 461, although not relied upon by defendants, is another case where the entire agreement was not reduced to writing and extrinsic evidence of the portion of the agreement as to which the writing was silent, was held properly admitted. But we quoted approvingly from our opinion in Strickland v. Johnson, 21 N.M. 599, 157 P. 142, language showing that even in such cases "parol evidence will not be received to dispute so much of the transaction as is embodied in the written agreement". This is the weakness in defendants' position in the case at bar. We were careful in Turner v. Denton, supra, to observe: "The part of the agreement here involved which the trial court allowed plaintiff to prove by parol evidence does not dispute any provision of the written contract or change the purpose thereof." Unfortunately for the defendants the same cannot be said of the oral agreement pleaded by them.

Apart from the purported allegations of fraud, the defendants' amended answer alleged no facts excepting the claimed oral agreement from the parol evidence rule. 3 Jones, Commentaries on Evidence (2nd Ed.) § 1490, p. 2712; Baca v. Fleming, 25 N.M. 643, 187 P. 277; Featherstone v. Walker, 43 N.M. 181, 88 P.2d 271.

We turn next to the issue of fraud injected by the defendants. It rests upon their allegation that the claimed oral agreement was the inducement to defendants to enter into the written contract and that plaintiff had no intention of performing the oral agreement when he made it. That an intention not to perform an otherwise valid agreement present in the mind of one of the parties when he contracts constitutes actionable fraud has been held by this court under the facts disclosed in certain cases. Anderson v. Reed, 20 N.M. 202, 148 P. 502, L.R.A. 1916B, 862; Telman v. Galles, 41 N.M.

56, 63 P.2d 1049. For purposes of our decision, then, we shall consider defendants as having alleged fraud in the respect indicated. This concession, however, does not settle the matter. The mere allegation of fraud does not constitute a blanket invitation to disregard utterly the parol evidence rule. The field for employing such evidence even where fraud is alleged, is not unlimited.

■ If a parol contemporaneous agreement be the inducing cause of the written contract, or forms a part of the consideration therefor, and it appears the writing was executed on the faith of the parol agreement or representation, extrinsic evidence is admissible. In such cases, the real basis for its admission is to show fraud. The principle which admits such evidence under the conditions stated has no application, however, where the parol agreement relates directly to the subject of the written contract, even though it be alleged, as in the case at bar, that the written contract was signed upon the faith of the oral promises. 3 Jones, Commentaries on Evidence (2nd Ed.), § 1492, pages 2719-2720; Armington v. Stelle, 27 Mont. 13, 69 P. 115, 94 Am.St.Rep. 811; Kelly v. Ellis, 39 Mont. 597, 104 P. 873; Sund & Co. v. Flagg & Standifer Co., 86 Or. 289, 168 P. 300.

Referring to the generally accepted doctrine of admissibility of parol evidence to establish the oral promise where the written contract was entered into on the faith of it, Mr. Jones states: "This principle, however, does not apply to a case in which the oral promise relates directly to the subject of the contract, even though it is alleged that the complaining party signed the instrument upon such promise."

In Kelly v. Ellis, supra, the Supreme Court of Montana had before it for review the action of the trial court in sustaining a demurrer to a complaint in a cause of action for deceit growing out of a claimed breach by defendants of oral promises upon the faith of which plaintiff claimed he signed a formal written contract. There, as here, it was alleged that the oral agreement (to employ plaintiff as manager) was fraudulently made "without any intention on the part of either of the defendants to keep or perform the same". [39 Mont. 597, 104 P. 874] There, as here, there was no complaint that the written agreement had not been faithfully performed by the other parties thereto, nor was it claimed the defendants (occupying the position of plaintiff here) had entered into the written contract without any intention of performing it. But because the oral agreement, even if deemed collateral, related so directly to the subject of the written contract, the allegations that the oral promise was the moving cause of plaintiff making the written contract and that at the time of promising orally the defendants had no intention of performing, did not save the complaint against the demurrer. After quoting certain statutory provisions declaratory of common law rules upon the

admission of parol evidence to vary or explain writings, the court said:

"In Seitz v. Brewer's Refrigerating Co., 141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837, the court said: 'Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing.' That case is cited by this court in Armington v. Stelle, 27 Mont. 13, 69 P. 115, 94 Am.St.Rep. 811, where, after reciting the sections of the Code above, it is said: 'The statutory provisions cited are but declaratory of the common-law rule (1 Greenleaf Ev. § 275), and recognize all the exceptions for which it provides. Among these is the case in which evidence may be received of the existence of an independent oral agreement not inconsistent with the stipulations of the written contract, and in respect of which the writing does not speak, but not to contradict, vary, add to, or qualify the absolute terms of the written contract. In such a case the independent oral agreement must have been upon some collateral matter, and must have operated as an inducement to the complaining party to enter into the agreement, whereas in the absence of it he would not have done so. To deny the admission of evidence in such a case, if relevant to the issues made by the pleadings, would be to allow one of the parties to induce another to enter into the engagement under false representations, and to aid him to enforce it against his adversary notwithstanding the fraud practiced upon him, by holding out to him the fraudulent inducement. We recognize this principle, and believe it to be in full accord, not only with the spirit of the statute, but also with adjudged cases (citing authorities). This principle, however, does not apply to a case in which the oral promise relates directly to the subject of the contract, even though the claim be that the complaining party signed the instrument upon such promise.'"

Then follows an application of the principles enunciated in the language quoted from the Seitz and Armington cases to the facts of the case before the court, resulting in an affirmance of the judgment appealed from, entered when plaintiff de-

clined to plead further after an order sustaining a demurrer to his complaint.

Here, too, the claimed oral agreement relates directly to the subject of the written contract. The parol commitment does not, to adopt the language of the United States Supreme Court in the Seitz case [141 U.S. 510, 12 S.Ct. 48, 35 L.Ed. 837], "relate to a subject distinct from that to which the written contract applies". Hence, it must be presumed that the whole engagement of the parties is expressed in the writing.

It is worthy of mention that the written contract contains just above defendants' signatures, the following capitalized statement, to-wit:

"IT IS UNDERSTOOD AND AGREED THAT NO OTHER AGREEMENT, GUARANTY OR WARRANTY, VERBAL OR WRITTEN, EXPRESSED OR IMPLIED, SHALL LIMIT OR QUALIFY THE TERMS OF THIS CONTRACT."

Similar language in other contracts, where there was no evidence that the party complaining had been induced to sign the writing by any misrepresentation as to its contents or meaning, has had controlling influence on decisions holding parol evidence inadmissible to vary or contradict the terms of the written agreement. Connell v. Newkirk-George Motor Co., 28 Ga.App. 382, 111 S.E. 749; O'Meara v. Smyth, 243 Mass. 188, 137 N.E. 294; Schuster v. North American Hotel Co., 106 Neb. 672, 184 N.W. 136, 186 N. W. 87; Hill & MacMillan, Inc., v. Taylor, 304 Pa. 18, 155 A. 103, 75 A.L.R. 1022.

Fairly construed, the new matter in amended answer of defendants, except as to the alternative option claimed to have been extended orally to accept a lump sum payment of the balance due at any time, less unearned interest, amounts simply to an alleged oral agreement to enter into a conditional sales contract for the purchase by defendants of a ten or twelve foot counter, rescinding the existing sales contract for the purchase of a six foot counter, the defendants to receive credit as a down payment on the substituted conditional sales contract for their equity under the old contract. In other words, an oral agreement to enter into a conditional sales contract for the purchase of another counter, at the defendants' election.

It is somewhat of a coincidence that within the past month, this court decided (the writer dissenting) in Allison v. Niehaus, 44 N.M. 342, 102 P.2d 659, that an oral conditional sales contract is no longer valid in New Mexico, the common law recognition of such contracts having been held repealed by certain statutes cited in the opinion. If an oral conditional sales contract is no longer valid, it is difficult to comprehend how an oral agreement to enter into a conditional sales contract could be deemed valid. Cf. Adams v. Blumenshine, 27 N.M. 643, 204 P. 66, 20 A.L.R. 369. But, be that as it may, we think the trial court's action in sustaining the demurrer was proper for reasons already given and should be sustained. The

order appealed from will therefore be affirmed.

BICKLEY, C. J., and BRICE and ZINN, JJ., concur.

MABRY, J., did not participate.