Gilbert REICH and Frances Reich,
(Plaintiffs) Respondents,

v.

PINE LAWN BANK & TRUST COMPANY,
a Corporation, (Defendant) Appellant.

No. 30716.

St. Louis Court of Appeals.

Missouri.

April 17, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied May 15, 1962.

Gerald L. Seegers and Gerwitz & Seegers, St. Louis, for appellant.

Henry C. Hinkel, Harold D. Carey, Clifford L. Goetz, and Hinkel & Carey, St. Louis, for respondents.

ANDERSON, Presiding Judge.

This is an action by Gilbert Reich and Frances Reich, his wife, against Pine Lawn Bank and Trust Company, to recover an amount charged by defendant as interest on a loan alleged to be in excess of the legal rate of interest together with an attorney's fee as authorized by § 408.050 RSMo 1959, V.A.M.S. Defendant filed a counterclaim to recover an amount of interest alleged to be due and claimed to have been rebated without consideration. The trial resulted in a verdict for plaintiffs on their cause of action in the principal sum of $799.42 plus an attorney's fee of $600.00, and against defendant on its counterclaim. From the judgment entered on this verdict defendant has appealed.

The petition alleged that on May 1, 1957, plaintiffs entered into a conversation with the President of defendant relative to borrowing $20,000.00 to be secured by a deed of trust on premises owned by them; that they advised defendant that it was their intention to refinance their property so as to consolidate several loans, approximately one year from said time; and that they would make principal payments of $400.00 per month during that year.

It was further alleged that defendant, through its officer and agent, advised plaintiffs that defendant would make them a loan of $20,000.00 with the understanding that it would be paid in approximately one year, with interest at eight percent (8%) on the unpaid balance, but that in view of the small monthly payments, and in order to have the loan approved it would be necessary for plaintiffs to execute paper showing a total indebtedness of $24,000.00, payable in sixty monthly installments, together with a separate note in the sum of $20,000.00 payable in six months secured by a deed of trust to be held as security for the payment of said indebtedness.

It was then alleged that said instruments were executed and that plaintiffs made payments on said indebtedness of $400.00 per month for twelve months; that at the end of said period plaintiffs offered to pay the principal indebtedness then due, with interest on the unpaid balance at eight percent (8%); but defendant failed and refused to accept same, and refused to release the deed of trust until the entire balance was paid, plus an interest charge of $2,399.00 for the period of time involved.

It was further alleged that the representations made by defendant, through its president, to the effect that defendant would allow plaintiffs to repay the principal within one year, and would charge eight percent (8%) for the use of said money, were made with the intention of misleading the plaintiffs, and was part of a scheme to defraud plaintiffs and to exact usury in connection with said loan; that plaintiff relied upon said representations and in reliance thereon entered into the loan and executed said papers; that final payment of said loan was made June 4, 1958.

It was further alleged, that taking into consideration the payment of $400.00 per month, or $4800.00 for the year, interest at eight percent (8%), the agreed rate, would amount to $1,408.00; that the interest charged by defendant in excess of said sum was $991.00 and constituted usury under the statutes. It was then alleged that this action was brought under said statutes (Sections 408.030 and 408.050, RSMo 1949, V.A.M.S.); that the fraudulent representations, the taking of two notes and the exaction of $991.00 in addition to eight percent (8%) for the use of the money were all part and parcel of a scheme to exact usury from plaintiffs. The prayer of the petition was for judgment for $991.00, $2500.00 attorney's fees and costs.

By its answer defendant denied the allegations of the petition charging usury and alleged that it loaned money to plaintiffs and secured from them their note for $24,-000.00, repayable in 60 monthly installments of $400.00 each, which note included interest at the rate of four percent (4%) per annum for five years; that said note was secured by a deed of trust on plaintiffs' real estate; that at the end of one year plaintiffs desired to pay off the note and deed of trust, and, in order to secure the release of the deed of trust, agreed with defendant to pay defendant a portion of the interest previously charged, which defendant accepted in consideration for releasing the deed of trust and accepting premature payment.

By its counterclaim defendant sought to recover $1600.58, the amount alleged to have been rebated from the amount due on the note at the time defendant, at plaintiffs' request, accepted the sum of $17,559.42 as payment of the note, cancelled the note and released the deed of trust. The theory of

recovery was that there was no consideration for defendant's acceptance of a sum less than the amount owed.

Plaintiffs by their answer to the counterclaim alleged that defendant, by and through its agents, fraudulently and as a means of obtaining usurious interest, prepared notes and mortgages payable in sixty (60) months and bearing interest for sixty (60) months instead of twelve (12) months, as agreed between the parties, and failed and refused to accept principal and interest for twelve (12) months as tendered by plaintiffs, and demanded and extorted from plaintiffs the sum of $991.00 usurious interest.

█ In May 1957 plaintiffs made application to defendant for a loan of $20,000.00. Defendant, through its President, Mr. Dodds, agreed to make this loan, and on May 1, 1957, plaintiffs executed their promissory note to defendant as payee for $24,000.00, payable in sixty (60) monthly installments of $400.00 each, the first installment to be paid June 15, 1957, and subsequent installments on the fifteenth of each month thereafter. The note also provided for interest at eight percent (8%) after maturity. At the same time plaintiffs executed another note in favor of defendant for $20,000.00, which note was secured by a deed of trust on premises owned by plaintiffs. This note was payable six months after its date with interest after maturity at the rate of eight percent (8%) per annum. After the execution of these instruments plaintiff's account at defendant bank was credited with the sum of $20,000.00.

Plaintiffs thereafter paid to defendant $400.00 per month, the payoff specified in the $24,000.00 note, for a period of twelve (12) months, or a total of $4800.00, $800.00 of which was interest. At the end of that period, to liquidate the indebtedness, plaintiffs paid defendant the sum of $17,599.42, making a total payment during the year of $22,399.42. At the time of payment the two notes and deed of trust were returned to plaintiffs, marked paid, and the deed of trust was released of record.

Plaintiff Gilbert Reich testified that on May 1, 1957, he made a request for a $20,000.00 loan at the Pine Lawn Bank and Trust Company. This request was made through Douglas Dodds, President of the bank. His purpose for securing this loan was to consolidate certain other outstanding loans. He was then permitted to testify, over defendant's objection, that such testimony tended to impeach the writing evidencing the loan, that he requested a one-year loan of $20,000.00 and that Mr. Dodds agreed to make it in that amount for a period of one year, with interest at four (4%) percent. He further testified that Mr. Dodds told him that payments of $400.00 per month would have to be made, to which he agreed. He also stated that his agreement with Mr. Dodds was, that the amount due at the end of the year would be paid off by a refinancing method or a renewal; that Mr. Dodds said he would make a loan at the end of the year combining all his various loans, or would obtain such a loan for him and that, in view of these statements, he went ahead and obtained from defendant the $20,000.00 loan. He further testified that at the time he made the loan Mr. Dodds caused him to execute the $20,000.00 note, which he examined, only to observe that it was for $20,000.00. He signed the Deed of Trust. He further stated that after the two above mentioned papers were signed Mr. Dodds gave him the $24,000.00 note for his signature; that he asked Mr. Dodds for an explanation of this note and was told it was taken to satisfy the loan committee at the bank. He further testified he did refinance his loans at the end of the year by securing a loan of $70,000.00 from the Citizens Bank and Trust Company of Maplewood, which reduced his yearly payoff from $17,000.00 to approximately $9,000.00. Prior to making the loan at the Maplewood Bank, Mr. Reich requested Mr. Dodds to release the deed of trust securing his loan at the Pine Lawn Bank, and permit him to continue to pay the

$400.00 per month, but Mr. Dodds would not agree to release the deed of trust. The Citizens Bank and Trust Company would not make the loan to plaintiffs unless the deed of trust was released. Plaintiff then paid the loan at defendant bank by a check of Citizens Bank and Trust Company for $17,599.42. Before securing this check, Mr. Reich ascertained from the bookkeeper at defendant Bank the amount necessary to liquidate the loan. Mr. Reich objected to the amount. He thought it excessive but finally paid it. After the loan was paid Mr. Dodds explained to him that the $3200.00 interest due on the note was split in half in figuring the total amount due on the note.

Mr. Reich testified that the amount he was entitled to recover was $991.00. He arrived at this figure by computing interest on $15,200.00 for one year at eight percent (8%), which amounted to $1216.00. To this last sum he added $192.00, stating it was eight percent (8%) of $4800.00 for one year (actually it amounts to 4% of said sum), and subtracting the total $1,408.00 from $2,399.00, the amount of interest collected.

Plaintiffs' counsel testified that $600.00 was a reasonable attorney's fee for the legal services which he rendered in the case.

Douglas W. Dodds testified for defendant. His testimony was to the effect that Reich requested a loan of $20,000.00 to pay off debts and reduce payments; that he stated he could repay in limited amounts each month. Dodds denied there was an agreement that the loan could be paid off at the end of the year, or that plaintiffs would be charged four percent (4%) only for the time he used the money. He testified that the bank regarded $4,000.00 of the face of the note as prepaid interest and that the $20,000.00 credited to plaintiff's account was the net amount of the loan, and that the $20,000.00 note and deed of trust securing it were collateral for the loan. He

further testified that it was Reich who asked for the five year term because he could not make payments of more than $400.00. He stated that the amount of rebate of the prepaid interest was $1,600.58.

The case was submitted by plaintiffs on the theory that plaintiffs were induced to pay usurious interest by reason of an assurance by defendant's agent that the loan was for a period of one year, and by false and fraudulent representations with respect to the execution of the $24,000.00 note, as pleaded.

It is urged that the trial court erred in admitting evidence of the alleged prior oral agreement with respect to the term of the loan in question, and in refusing to sustain defendant's motion for a directed verdict to which it was entitled if this evidence is excluded from consideration. The question then is squarely presented whether this alleged oral agreement that the loan should be for one year only can be shown for the purpose of establishing usury.

■ The evidence of the alleged promise or agreement not only contradicts the terms of the note itself, but is in contradiction of the general rule that parol evidence of prior negotiations and agreements cannot be shown for the purpose of varying the terms of a written contract covering the same subject matter.

■ There are a number of cases, which have been cited by respondents, which hold that on the issue of usury, the court will disregard the form and look only to the substance of the transaction. Securities Inv. Co. of St. Louis v. Rottweiler, Mo.App., 7 S.W.2d 484, has been cited as an authority for such proposition, and as warranting the introduction of the testimony of which appellant complains. In that case, however, the parol evidence was introduced for the purpose of showing that the notes called for sums in excess of the actual amounts loaned, to enable the person making the loan to receive interest in excess of

the lawful rate. The evidence, as we take it, did not contradict the written contract except as to the amounts of consideration. Evidence to show the actual amount of consideration of a contract is generally competent in any case where the question arises. Respondents also cite State v. Sargent, 241 Mo.App. 1085, 256 S.W.2d 265. In that case the court considered evidence which tended to show that a sum which the contract specified as a commission to appellant therein, as agent of the borrower, was in fact paid to appellant as lender or agent of the lender, and held that such evidence was sufficient to support a conviction for usury. In Burch v. Schmelig, Mo.App., 300 S.W.2d 838, defendant filed a counterclaim in which he sought to set aside a contract of sale of real estate, and to recover earnest money paid thereunder on the ground of fraudulent representations as to the size of the lot which was the subject matter of the contract. The court held that since defendant was not suing on the contract, but attempting to avoid the undertaking on the ground of fraud, testimony relative to what occurred prior to the signing of the contract which tended to show the fraud alleged, was admissible notwithstanding the parol evidence rule. Burns v. Vesto Company, Mo.App., 295 S.W.2d 576, held that the parol evidence rule had no application in an action based upon fraud in the procurement of the sale.

The foregoing cases are not, in our judgment, in point on the question presented on this appeal. There is no contention that plaintiffs did not receive the full amount of the loan, $20,000.00, nor is this a suit in equity to rescind or set aside the contract for fraud unrelated to the subject of the contract. On the contrary, it is an attempt to show fraud directly related to the subject of the contract which resulted in requiring plaintiffs to pay usurious interest. Parol evidence is not admissible under such circumstances. Fischman-Harris Realty Co. v. Kleine, Mo.App., 82 S.W.2d 605; Alford v. Rowell et al., 44 N.M. 392, 103 P.2d 119; Kelly v. Ellis et al., 39 Mont. 597, 104 P. 873; Armington et al. v. Steele et al., 27 Mont. 13, 69 P. 115; Sund et al. v. Flagg & Standifer Co., 86 Or. 289, 168 P. 300; Seitz v. Brewers' Refrigerating Machine Co., 141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837; Jones, Commentaries on Evidence, Vol. 3, (2d Ed.) Sec. 1492 pp. 2719–2720. In our opinion the court erred in admitting testimony concerning the alleged oral agreement and testimony with reference to the alleged false representations.

■ It is our view that under the evidence properly to be considered there has been shown no obligation entered into by which plaintiffs were required to pay an amount in excess of the money borrowed with legal interest thereon, and that no usurious interest has been paid. Where there is no optional prepayment clause in a note, it is not usurious for a lender to require payment of interest, or a part thereof, as was done in this case, to the date of maturity of his note, even though he pays the debt before maturity and the amount paid exceeds lawful interest computed to the date when the loan was paid. Hanson v. Acceptance Finance Co., Mo.App., 270 S.W.2d 143. The trial court should have sustained defendant's motion for a directed verdict.

In view of the above ruling it becomes unnecessary for this court to pass upon other points raised by appellant with respect to instructions given.

The judgment is reversed.

WOLFE, J., concurs.

RUDDY, J., took no part in the decision of this appeal.